

SUMMONS ISSUED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————————— X

John Phillipson

                                 **Plaintiff**

  -against-

Enhanced Recovery Company,
LLC, f/k/a Enhanced Recovery      **Defendant**
Corporation

——————————————————————— X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ Docket No. JAN 3 0 2012 ★

**LONG ISLAND OFFICE**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

**WEXLER, J.**
**BOYLE, M**

### I. INTRODUCTION

1. Plaintiff, a disabled Long Island consumer, is suing the Defendant debt collector because the Defendant has harassed the Plaintiff for months with robocalls despite the Plaintiff's written and verbal demands to stop. Defendant persistently utilized a robo caller to call the Plaintiff's cellular and home telephones, violating the Plaintiff's privacy rights afforded under federal law. The Defendant telephoned Plaintiff over 75 times. The Defendant has been sued over 250 times for violating debt collection laws.

2. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown*, 447 U.S. 455, 471(1980).

3. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq. and New York General Business Law.

4.      According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy.** (emphasis added)

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

### III. PARTIES

6. Plaintiff, John Phillipson, is a natural person residing within the Eastern District of New York. Plaintiff is a consumer as defined by the FDCPA.

7. Defendant, Enhanced Recovery Company, LLC, f/k/a Enhanced Recovery Corporation is a foreign entity registered to do business in New York. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

11. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

12. The alleged debts of Plaintiff were incurred for personal, family, or household services in that they were alleged to have been incurred for a personal consumer credit card, no part of which were used for business purposes.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats paragraphs "1" through "12" as if fully restated herein.

14. Defendant alleges that the Plaintiff is delinquent on credit card debts.

15. The Defendant claims to have the authority to try to collect the debts.

16. On July 14, 2011, the Defendant sent a letter to the Plaintiff. (Exhibit A). The Plaintiff received Exhibit A.

17. At some point prior to August 2011 the Defendant began to telephone the Plaintiff's home, and cellular telephone in an attempt to collect the alleged debts.

18. The Defendant has telephoned the Plaintiff over 75 times.

19. The Defendants used an automatic telephone dialing system to call the Plaintiff's home phone as well as the Plaintiff's cellular phone.

20. The Defendant left artificial/pre-recorded messages on the Plaintiff's home phone and cellular phone.

21. On August 2, 2011, the Plaintiff spoke to the Defendant and demanded that the calls stop.

22. Despite the Plaintiff's demands, the calls continued to both the Plaintiff's home phone and cellular phone.

23. Despite the Plaintiff's August 2, 2011 demand to stop calling, the Defendant continued to use an automatic telephone dialing system to call the Plaintiff's home phone as well as the Plaintiff's cellular phone.

24. Despite the Plaintiff's August 2, 2011 demand to stop, the Defendant continued to leave artificial/pre-recorded messages on the Plaintiff's home phone and cellular phone.

25. On September 19, 2011 the Plaintiff sent a letter to the Defendant demanding that the calls stop.

26. The Defendant received Plaintiff's letter on September 22, 2011.

27.  Despite the Plaintiff's letter, the Defendant continued to call the Plaintiff's home phone and cellular phone.

28. Despite the Plaintiff's letter, the Defendant continued to use an automatic telephone dialing system to call the Plaintiff's home phone as well as the Plaintiff's cellular phone.

29. Despite the Plaintiff's letter, the Defendant continued to leave artificial/pre-recorded messages on the Plaintiff's home phone and cellular phone.

30. On more than one occasion after August 2, 2011, the Defendant called 631-662-2654 and left an artificial/pre-recorded message on the voice mail.

31. On more than one occasion after August 2, 2011, the Defendant left the following artificial/prerecorded message on 631-662-2654:

> *Hello. This message is for John Phillipson. If you are not this person please delete the message if it is not for you. This is Enhanced Recovery Company, a collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-474-9322 or visit www.payerc.com and provide reference number 5364869.*

32. In July, August, September, October, November and December 2011, the Defendant called 631-662-2654 and left artificial and/or pre-recorded messages on the voice mail.

33. The consistent calls from the Defendant in direct defiance of the Plaintiff's instructions are being done for the purpose of harassing the Plaintiff into paying the alleged debt. The Defendant has called the Plaintiff's home and cellular phone continuously and persistently since July 2011 and has continued to do so through the filing of this action.

34. The Plaintiff incurs charges every time the Defendant calls her cellular phone through the diminution of available minutes on his cellular phone plan.

35. In addition to the calls made by the Defendant's robot, human beings working for the Defendant have also left messages for the Plaintiff.

36. On several occasions the messages left by human beings secreted the Defendant's identity and their status as a debt collector.

37. The Defendant violated 15 USC 1692e(11) several times by leaving messages in which they failed to state that they were a debt collector.

38. The Defendant violated 15 USC 1692d(6) several times by leaving messages in which they failed to meaningfully identify themselves.

39. In July 2011, a human being working for the Defendant left the following message on the Plaintiff's home phone:

> *Hello the message is for John P. My name is Greg Calderell. Please return the call toll free at 800-497-0351. When calling in (inaudiable) the number is 904.*

40. In August 2011, a human being working for the Defendant left the following message on the Plaintiff's home phone:

> *Message here is for John Phillipson. If you are not this person, delete the message. This is Jonathan Morales calling with ERC. Return my call 1 800-497-0351.*

41. In August 2011, a human being working for the Defendant left the following message on the Plaintiff's home phone:

> *The message is intended solely for John Phillipson. This is Jennay Harris with the Enhanced Recovery Company. When you receive this message, return the call at 800-497-0351 at extension 1153 . Reference number 53980649.*

42. In September 2011, a human being working for the Defendant left the following message on the Plaintiff's home phone:

*This message is for John Phillipson. My name is Nadine (inaudible). I can be reached at 800-497-0351, extension 865. Thank you.*

43. The Defendant concealed the purpose of their calls to the Plaintiff in that they did not notify the Plaintiff during each call that they were a debt collector attempting to collect a debt.

44. The Plaintiff was injured by the Defendant's actions as described herein in that he had his privacy invaded in a manner that the FDCPA was intended to prevent. The Defendant's actions intruded on the Plaintiff's seclusion.

45. According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, <u>and to invasions of individual privacy</u>. (*emphasis added*)

46. The Defendant's actions as described herein left the Plaintiff feeling helpless and victimized as he was unable to stop the persistent and intrusive telephoning by the Defendant. The Defendant's persistent calls eliminated the Plaintiff's right to be left alone. The persistent telephone calls prevented the disabled Plaintiff from being able to sleep. The persistent telephone calls eliminated the peace and solitude that the Plaintiff would have otherwise had in his home.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

48. Defendant's actions as described herein violated the following provisions of

the FDCPA:

      a. 15 USC 1692d

      b. 15 USC 1692d(5)

      c. 15 USC 1692d(6)

      d. 15 USC 1692 e

      e.  15 USC 1692 e(10)

      f.  15 USC 1692 e(11)

      g.  15 USC 1692c(a) and

      h. 15 USC 1692c(c).

## VI.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

49.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

50.  Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

51. Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service and left an artificial/prerecorded message in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

52. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

53. The Defendant did not have the prior express consent of the Plaintiff to leave artificial or pre-recorded messages on the Plaintiff's cellular phone.

54. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

55. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

56. The TCPA, 47 U.S.C. § 227(b)(3)(A), provides for monetary and injunctive relief, as follows:

> (3) Private right of action.-- A person or entity may, if
> otherwise permitted by the laws or rules of court of a State,
> bring in an appropriate court of that State–
>
> > (A) an action based on a violation of this subsection
> > or the regulations prescribed under this subsection to
> > enjoin such violation,
> > (B) an action to recover for actual monetary loss from
> > such a violation, or to receive $500 in damages for
> > each such violation, whichever is greater, or
> > (C) both such actions.

57.     Based upon Defendant's nonstop, harassing, and abusive pattern and practice of willfully and knowingly violating the FDPCA and the TCPA by making these robo-dialed calls to Plaintiff, it is apparent that Plaintiffs have no adequate remedy at law and that only an injunction will suffice to prevent Plaintiff from suffering further irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Defendant, for the following:

1. Injunctive relief as requested herein;

2. Actual damages under the FDCPA

3. Statutory damages pursuant to the FDCPA and the TCPA;

4. Costs and reasonable attorney's fees;

5. For such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> The Law Office of Joseph Mauro, LLC
> Joseph Mauro (JM 8295)
> 306 McCall Ave.
> West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff